IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **VALERIE ANN GRIFFITHS-RAST**<br><br>       Plaintiff,<br><br>v.<br><br>**SULZER SPINE TECH, INC., and PRAVEEN PRASAD, M.D.,**<br><br>       Defendants. | **ORDER**<br><br>Case No. 2:02CV1267DAK |

      This matter is before the court on Plaintiff Valerie Ann Griffiths-Rast's Motion for Relief from Judgment as to Praveen Prasad, M.D., pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motion has been fully briefed. The court concludes that a hearing on the motion would not significantly aid in its determination of the matter. DUCivR 7-1(f). Accordingly, the court enters the following order based on the memoranda filed by the parties and the law and facts relevant to the motion.

      Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir 2003). A motion under Rule 60(b) "shall be made within a reasonable time . . . and not more than one year after judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

      In this case, the court's September 14, 2005 Memorandum Decision and Order

granting Defendant's Motion for Summary Judgment. Plaintiff appealed to the Tenth Circuit, and the Tenth Circuit affirmed this court's decision in an opinion dated February 15, 2007. Plaintiff then filed the present Rule 60(b) motion on February 14, 2008.

In *Harrison v. Gilbert*, 2007 WL 4532836 (10th Cir. Dec. 26, 2007) (unpublished opinion), the Tenth Circuit found a Rule 60(b) motion filed after the district court was affirmed on appeal to be untimely. *Id.* at * 1. In *Harrison*, the district court dismissed the plaintiff's complaint on September 10, 2004, the Tenth Circuit affirmed, and the plaintiff filed a Rule 60(b) motion on June 6, 2007. *Id.* The Tenth Circuit determined the Rule 60(b) motion untimely based on the date of the district court's original ruling dismissing the case. *Id.*

Based on the reasoning of *Harrison*, Plaintiff's Rule 60(b) motion in this case is untimely because it was filed over two years after this court dismissed the case. Also significant is that Plaintiff has filed the same motion with the Tenth Circuit. On April 3, 2007, plaintiff filed with the Tenth Circuit a Motion to Reinstate Appeal and for Leave to Petition for Rehearing. As in the present motion, Plaintiff based her motion on the Utah Supreme Court's decision in *Olseth v. Larsen*, 158 P.3d 532 (Utah 2007). The Tenth Circuit denied her motion. This court cannot provide relief from a decision of the Tenth Circuit.

Even if this court were to consider Plaintiff's motion, this court's and the Tenth Circuit's decisions were decided on different grounds than those before the Utah Supreme Court in *Olseth*. *Olseth* did not involve the statute of limitations found in the Utah Health Care Malpractice Act. *See id.* at 536-40. Therefore, *Olseth* does not mandate a different result in the present case. And this court finds no basis for revisiting its prior ruling.

For the reasons stated above, Plaintiff's Motion for Relief from Judgment is

DENIED.

DATED this 31st day of March, 2008.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge